**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOHN FARABAUGH and OLOWAN JOHNSON, Individually and for Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>MCDERMOTT INTERNATIONAL, INC.,<br><br>Defendant. | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

**FIRST AMENDED COMPLAINT**

**SUMMARY**

1. McDermott International, Inc. (McDermott) has failed to pay John Farabaugh (Farabaugh), Olowan Johnson (Johnson) (together, Plaintiffs), and other workers like them, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, McDermott pays Plaintiffs, and other workers like them, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Plaintiffs bring this collective action to recover unpaid overtime and other damages.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because McDermott maintains its headquarters in this District and Division.

**THE PARTIES**

6. Farabaugh is an hourly employee of McDermott.

7. Johnson is an hourly employee of McDermott.

8. Farabaugh worked for McDermott from approximately April 2015 until August 2018.

9. Johnson worked for McDermott from approximately May 2018 until March 2019.

10. Farabaugh's written consent is attached as Exhibit A.

11. Johnson's written consent is attached as Exhibit B.

12. McDermott maintains its United States headquarters in Houston, Texas.

13. McDermott may be served with process by serving its registered agent: **C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816, USA.**

## COVERAGE UNDER THE FLSA

14. At all relevant times, McDermott was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, McDermott was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, McDermott was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

17. At all relevant times, McDermott had an annual gross volume of sales made in excess of $1,000,000.

18. At all relevant times, Plaintiffs and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

**THE FACTS**

19. McDermott is "a premier, global upstream and downstream engineering, procurement, construction and installation company" that serves the following markets: upstream oil and gas, liquefied natural gas, refining and petrochemicals, power, industrial storage, and waste and wastewater.[1]

20. Farabaugh worked for McDermott from approximately April 2015 until August 2018.

21. Johnson worked for McDermott from approximately May 2018 until March 2019.

22. Farabaugh worked for McDermott in Texas and Louisiana, specifically in Ingleside, TX and Baton Rouge and Hackberry, LA.

23. Johnson worked for McDermott in Louisiana, specifically in Addis, LA.

24. Farabaugh worked for McDermott as a Senior Material Management Specialist 2.

25. Johnson worked for McDermott as a Lead Schedule Planner.

26. Plaintiffs reported the hours he works to McDermott on a regular basis.

27. Plaintiffs were not guaranteed a salary.

28. If Plaintiffs worked fewer than 40 hours in a week, they were only paid for the hours worked.

29. But Plaintiffs regularly worked over 40 hours in a week.

30. In fact, Plaintiffs routinely worked 60 to 70 hours per week.

31. Instead of paying overtime, McDermott paid Plaintiffs the same hourly rate for the hours they worked over 40 in a work week.

32. Farabaugh's hourly rate was approximately $67/hour.

---

[1] https://www.mcdermott.com/Markets-Served (last visited July 10, 2019)

33. For example, for the two-week pay period beginning on February 18, 2018 and ending on March 3, 2018, Farabaugh worked 100 hours. McDermott paid him the same rate ($66) for all of these hours, including those over 40.





34. Similarly, for the two-week pay period that began on March 18, 2018 and ended on March 31, 2018, Farabaugh worked 98 hours. McDermott paid him the same rate ($66) for all of these hours, including those over 40.




35. Johnson's hourly rate was approximately $64/hour.

36. For example, for the two-week pay period beginning on May 13, 2018 and ending on May 26, 2018, Johnson worked 101.5 hours. McDermott paid her the same rate ($64) for all of these hours, including those over 40.




37. Similarly, for the two-week pay period that began on May 27, 2018 and ended on June 9, 2018, Johnson worked 99 hours. McDermott paid her the same rate ($64) for all of these hours, including those over 40.



38. The hours Plaintiffs and the Putative Class Members (defined below) worked are reflected in McDermott's records.

39. Rather than receiving time and half as required by the FLSA, Plaintiffs only received "straight time" pay for overtime hours worked.

40. McDermott's "straight time for overtime" payment scheme violates the FLSA.

41. McDermott was and is aware of the overtime requirements of the FLSA.

42. McDermott nonetheless fails to pay certain employees, such as Plaintiffs, overtime.

43. McDermott's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

6

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. McDermott's illegal "straight time for overtime" policy extends beyond Jeff.

45. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

46. McDermott pays hundreds of workers using the same unlawful scheme.

47. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

48. The workers impacted by McDermott's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

49. Therefore, the class is properly defined as:

**All employees of McDermott who were, at any point in the past 3 years, paid the same hourly rate for hours worked over 40 in a work week (or "straight time for overtime.") (Putative Class Members).**

## COLLECTIVE CAUSES OF ACTION

50. Plaintiffs incorporate all previous paragraphs and alleges that the illegal pay practices McDermott imposed on Plaintiffs were likewise imposed on the Putative Class Members.

51. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

52. Numerous other individuals, like Plaintiffs, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

53. Based on their experiences and tenure with McDermott, Plaintiffs are aware that McDermott's illegal practices were imposed on the Putative Class Members.

7

54. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

55. McDermott's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

56. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

57. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

58. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

59. Plaintiffs demand a trial by jury.

## PRAYER

52. Plaintiffs pray for relief as follows:

    a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding McDermott liable for unpaid back wages due to Jeff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this the 17th day of July 2019.

        **JOSEPHSON DUNLAP, LLP**

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    TX Bar No. 24014780
    Federal ID No. 27157
    **Andrew W. Dunlap**
    TX Bar No. 24078444
    Federal ID No. 1093163
    **Taylor A. Jones**
    TX Bar No. 24107823
    Federal ID No. 3348814
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    TX Bar No. 24001807
    Federal ID No. 21615
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**